Ghaith Hikmat SHORIZ; Dalia Bashi; Yousif Shoriz, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73887.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.*

Filed March 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Jacob Thomas, Chicago, IL, for Petitioners.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Greg D. Mack, Esq., Patricia A. Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Ghaith, Dalia, and Yousif Shoriz, natives and citizens of Iraq, petition for review of the summary order of the Board of Immigration Appeals (BIA) affirming the adverse credibility determination of the Immigration Judge (IJ) and denying their application[1] for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2]

Where the BIA affirms the "IJ's denial of asylum and withholding of deportation without opinion, we review the IJ's decision as though it were the Board's." *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003). The IJ denied Shoriz's application for asylum and withholding of removal on the ground that Shoriz's testimony was not credible. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."); *Jibril v. Gonzales,* 423 F.3d 1129, 1133 (9th Cir.2005). We review the IJ's adverse credibility determination under the deferential substantial evidence standard, and we must uphold that determination "unless the evidence *compels* a contrary result." *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007) (emphasis in original). Where, as here, the IJ has offered multiple grounds to support the adverse credibility determination, we must uphold the determination as "long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution." *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (internal quotation marks omitted).

Substantial evidence supports the IJ's determination that Shoriz's testimony was inconsistent and unclear regarding the arrangements he made to pay a smuggler to transport him from Jordan to Belize, and this inconsistency strikes at the heart of Shoriz's claim. *See Don,* 476 F.3d at 741–43. The IJ's finding that Shoriz was unable to discuss his practice or knowledge of Christianity in meaningful fashion provides an additional substantial evidentiary basis to affirm, because Shoriz's claim that he was a practicing Christian was a basis for his claim of relief. *See id.* at 741–42. Moreover, the IJ based his adverse credi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ghaith Shoriz filed the lone application at issue in the petition; the claims of his wife, Dalia Bashi, and his son, Yousif Shoriz, are derivative of his claims.

2. We do not address Shoriz's CAT claim because he did not raise it in his brief or notice of appeal to the BIA. *See, e.g., Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004); *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir. 2004).

bility determination in part upon Shoriz's pauses during questioning, and we accord such demeanor-based findings "special deference." *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (internal quotation marks omitted). Because the IJ's adverse credibility determination was based on substantial evidence, we uphold the ruling denying asylum and withholding of removal.

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.